CAPE GIRARDEAU & T. B. T. R. CO. v. JORDAN et al.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1912.)

No. 3,707.

In Error to the Circuit Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by the Cape Girardeau & Thebes Bridge Terminal Railroad Company against Douglas Jordan and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.

Charles A. Houts, U. S. Atty., of St. Louis, Mo., Homer Hall, Asst. U. S. Atty., of Trenton, Mo., and Henry Craft, of Memphis, Tenn., for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This action was brought by the Cape Girardeau & Thebes Bridge Terminal Railroad Company against Douglas Jordan et al. for an alleged trespass upon the plaintiff's right of way, tearing up the rails, and obstructing the operation of said railroad, to the alleged damage of the plaintiff in the sum of $10,000.

The facts are that the United States was constructing a levee across and over the right of way of the plaintiff company. The United States had by condemnation proceedings acquired a right of way for the construction of the levee across and over the right of way of plaintiff company. The plaintiff had accepted, received, and receipted for the value of such right of way awarded it in said condemnation proceedings. The acts done by the defendant were done in the construction of the levee across such right of way. The levee had been completed on either side of the right of way up to the right of way, and the plaintiff had been requested and directed to remove its track or lift the same, which it had failed and declined to do. Thereupon the defendants removed the rails and ties of plaintiff's track within the limits of the right of way which the government of the United States had acquired through the condemnation proceedings. The defendants were acting under the direction of officers of the United States having charge of the construc-

tion of the levee in question. At the close of all the testimony the court directed a verdict for the defendants.

The facts and law in this case are in all material respects identical with those in the case of Houck et al. v. United States, 201 Fed. 862, just decided. They involve the construction of the same statute, the construction of the same levee, and at the same point as was presented in that case. The law announced in that case is applicable to this, and thus applied, the defendants were not trespassers.

The judgment is affirmed.